UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. _____

**EVANSTON INSURANCE COMPANY**                                                     **PLAINTIFF**
10 Parkway North
Deerfield, IL  60015

v.

**COMPLIANCE ADVANTAGE, LLC**                                                      **DEFENDANTS**
c/o Registered Agent Solutions, Inc.
828 Lane Allen Road
Suite 219
Lexington, KY  40504

      SERVE VIA CERTIFIED MAIL
      RETURN RECEIPT REQUESTED

**COMPLIANCE ADVANTAGE, LLC**
d/b/a CAL Laboratory Services
c/o Registered Agent Solutions, Inc.
828 Lane Allen Road
Suite 219
Lexington, KY  40504

      SERVE VIA CERTIFIED MAIL
      RETURN RECEIPT REQUESTED

**COMPLIANCE ADVANTAGE, LLC**
d/b/a Reliable Lab
c/o Registered Agent Solutions, Inc.
828 Lane Allen Road
Suite 219
Lexington, KY  40504

      SERVE VIA CERTIFIED MAIL
      RETURN RECEIPT REQUESTED

**CAL LEASING, LLC**
c/o Clay Corman
1151 Jessamine Station Road
Nicholasville, KY  40356

      SERVE VIA CERTIFIED MAIL
      RETURN RECEIPT REQUESTED

**COUNSELOR'S CLINICAL COTTAGE, PSC**
**c/o Jade A. Maddox, MA, LPCC, NCC**
**Executive Director**
**937 29th Street**
**Ashland, KY 41011**

    **SERVE VIA CERTIFIED MAIL**
    **RETURN RECEIPT REQUESTED**

## PETITION FOR DECLARATORY JUDGMENT

Plaintiff, Evanston Insurance Company, by and through counsel, and for its Petition for Declaratory Judgment, states as follows:

### PARTIES

1. The Plaintiff, Evanston Insurance Company (hereinafter "Evanston"), is a property and casualty insurer incorporated under the laws of the State of Illinois, with its principal place of business at 10 Parkway North, Deerfield, IL 60015.

2. The Defendant, Compliance Advantage, LLC, is a Kentucky Limited Liability Company with its principal office at 232 North Plaza Drive, Nicholasville, Kentucky 40356. Compliance Advantage is a Defendant in an action styled *USA ex rel Counselor's Clinical Cottage v. Compliance Advantage*, United States District Court for the Eastern District of Kentucky, Case No. 5:16-CV-00397-DCR (hereinafter "*Counselor's Clinical Cottage*").

3. Upon information and belief, the Defendant, Compliance Advantage operates under the assumed names of C.A.L. Laboratory Services and Reliable Lab, using the address 232 North Plaza Drive, Nicholasville, Kentucky 40356 for the principal offices of these assumed name businesses. C.A.L. Laboratory Services and Reliable Lab are Defendants in *Counselor's Clinical Cottage*.

2

4. The Defendant, CAL Leasing is a Kentucky Limited Liability Company with its principal office located at 232 North Plaza Drive, Nicholasville, KY 40356. CAL Leasing is a Defendant in *Counselor's Clinical Cottage*.

5. The Defendant, Counselor's Clinical Cottage, PSC (hereinafter "CCC"), is a Kentucky Professional Corporation with its principal office located at 937 29th Street, Ashland, Kentucky 41101. CCC is the Plaintiff in *Counselor's Clinical Cottage*.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 2201, this Court is authorized to hear this action for Declaratory Judgment since it seeks the resolution of an actual controversy regarding the present rights and obligations under a contract of insurance issued by Evanston to the Compliance Advantage, LLC.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship (i.e., Evanston is an Illinois corporation and maintains its principle place of business in Illinois, and all of the Defendants are citizens of the Commonwealth of Kentucky) and an amount in controversy greater than $75,000.00.

8. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because all or a substantial part of the actions or omissions giving rise to this action occurred in Boyd County, Kentucky.

## FACTUAL ALLEGATIONS

9. Upon information and belief, Compliance Advantage LLC, on its own and under the assumed-names of C.A.L. Laboratory Services and Reliable Lab, provides clinical

3

laboratory services, including blood and urine drug testing, for which services it submits claims for payment to the Medicare and Kentucky Medicaid programs.

10. Upon information and belief, CAL Leasing, LLC also provides clinical laboratory services, including blood and urine drug testing, for which services it submits claims for payment to the Medicare and Kentucky Medicaid programs.

11. On or about November 2, 2017, Defendant, CCC filed the underlying lawsuit, *Counselor's Clinical Cottage*, against Compliance Advantage LLC, C.A.L. Laboratory Services, Reliable Lab, and CAL Leasing (hereinafter "Underlying Defendants"), alleging that they had fraudulently billed the Medicare and Kentucky Medicaid programs. (Exh. 1) In that lawsuit, CCC asserted four causes of action: (a) a claim under the False Claims Act that sought to recover, for the United States, civil penalties, plus three times actual damages, plus costs associated with the investigation, prosecution and collection of the penalties and three times damages; (b) a claim for unjust enrichment that seeks to recover, for the United States, actual damages; (c) a claim for fraud and deceit that seeks to recover for the United States actual damages; and (d) a claim for violations of the Stark Law and Anti-Kickback statute that does not specify the damages sought to be recovered.

12. Prior to the filing of *Counselor's Clinical Cottage*, Evanston had issued to Compliance Advantage a Specified Medical Professions Insurance Policy ("the Policy"), under which Evanston agreed to pay "all sums … which the Insured shall become legally obligated to pay as Damages as a result of a Claim first made against the Insured during the policy period or extended reporting period, if exercised, and reported to the Company … for Professional Personal Injury: … ." (Exh. 2 (*See* Page 2 of 9 under "Insuring Agreement"))

4

13. Neither CAL Laboratory Services, nor Reliable Lab, nor CAL Leasing, LLC is an "Insured" within the meaning of the Policy. The Policy defines "Insured" to include: (A) The Named Insured which is herein defined as the person(s) or organization(s) stated in Item 1. of the Declarations; (B) Any past or current principal, partner, officer, director, Employee or Volunteer Worker of the Named Insured solely while acting on behalf of the Named Insured and within the scope of their duties as such; provided however, this Insurance shall not apply to any Claim made against any Insured who is a physician, surgeon, dentist or podiatrist arising out of the rendering of or failure to render Professional Services in his/her capacity as a physician, surgeon, dentist or podiatrist; (C) If the Named Insured is a limited liability company, any past or current manager thereof, solely while acting on behalf of the Named Insured and within the scope of their duties as manager of such limited liability company and any past or current member thereof, solely while acting on behalf of the Named Insured and within the scope of their duties as a member of such limited liability company; (D) Any medical director solely while acting on behalf of the Named Insured and solely within the scope of his/her Administrative Duties as such; provided, however, this insurance shall not apply to any Claim made against any medical director who is a physician, surgeon, dentist or podiatrist arising out of the rendering of or failure to render Professional Services in his/her capacity as a physician, surgeon, dentist or podiatrist; (E) Any student enrolled in a training program in connection with the Named Insured's Professional Services solely while acting within the scope of his/her duties as such and at the Named Insured's direction; (F) The heirs, executors, administrators, assigns and legal representatives of each Insured above in the event of death, incapacity or bankruptcy of such Insured, but only for each such Insured's liability as is otherwise

covered herein. (Exh. 2 (*See* Page 2 of 9 under "The Insured)) As referenced in provision (A), the only Named Insured in Item 1 of the Declarations is Compliance Advantage, LLC. (Exh. 2 (*See* Page 1 of 3 under "Declarations"))  Neither CAL Laboratory Services, nor Reliable Lab, nor CAL Leasing, LLC qualifies as an "Insured" under provisions (B), (C), (D), (E) or (F). Therefore, only Compliance Advantage, LLC, is an "Insured" within the meaning of the Insurance Policy.

14. Alternatively, if all of the Underlying Defendants qualify as an "Insured" within the meaning of the Insurance Policy, the allegations in *Counselor's Clinical Cottage* fall outside of the Insuring Agreement. Per the Insuring Agreement, Evanston agrees to pay "all sums … which the Insured shall become legally obligated to pay as Damages as a result of a Claim first made against the Insured during the policy period or extended reporting period, if exercised, and reported to the Company… for Professional Personal Injury: … ." (Exh. 2 (*See* Page 2 of 9 under "Insuring Agreement")) Within the meaning of the Insuring Agreement, "Professional Personal Injury" includes either:  (a) bodily injury, mental injury, sickness, disease, emotional distress or mental anguish … of any natural person receiving Professional Services arising out of an act, error or omission in Professional Services rendered … ; (b) false arrest, detention or imprisonment, or malicious prosecution of any natural person receiving Professional Services, except when inflicted by, at the direction of, or with the consent … of the Insured who has predetermined to commit such act … ; or (c) the publication or utterance of a libel or slander concerning a natural person receiving Professional Services or a publication or an utterance in violation of such person's right to professional confidence … ." (Exhibit _ (*See* Pages 3-4 of 9 under "Definitions")) The Complaint in *Counselor's Clinical Cottage* does not allege that any of these things (i.e., bodily

6

injury, etc., false arrest, etc., or libel or slander) happened to a natural person. Rather, it alleges that the Medicare/Medicaid programs operated by United States and/or Kentucky were fraudulently billed. Consequently, the allegations in *Counselor's Clinical Cottage* fall outside of the Insuring Agreement, such that there is no coverage for any of the four counts contained in the *Counselor's Clinical Cottage* Complaint.

15. Additionally, there are two applicable exclusions. First, the Policy "does not apply to: (A) any act, error or omission in Professional Services rendered or that should have been rendered or Professional Personal Injury committed in violation of any law or ordinance." (Exh. 2 (*See* Page 4 of 9, paragraph A, under "The Exclusions")) In the *Counselor's Clinical Cottage* Complaint, Counts I and IV both allege violations of statutes. Thus, even if all of the Underlying Defendants qualify as an "Insured" within the meaning of the Policy, and even if the fraudulent billing practices referenced in the Complaint constitute either "Professional Services" or "Professional Personal Injury" within the meaning of the Policy, there is no coverage for Count I or Count IV.

16. In addition, the Insurance Policy "does not apply to: (B) any claim based upon or arising out of any dishonest, fraudulent, criminal, malicious, knowingly wrongful, deliberate, or intentional acts, errors or omissions committed by or at the direction of the Insured." (Exh. 2 (*See* Page 4 of 9, paragraph B, under "The Exclusions")) Since Counts I, II, III and IV of the Complaint in *Counselor's Clinical Cottage* are all premised on dishonest and fraudulent acts, there is no coverage for any of the Counts in the Complaint.

17. In light of the foregoing allegations in the Complaint in Counselor's Clinical Cottage and the provisions in the Policy, Evanston has no duty to defend or indemnify any of the Defendants under the Policy.

18. Upon information and belief, Compliance Advantage, C.A.L. Laboratory Services, Reliance Lab, CAL Leasing, and CCC all contend that a duty to defend and a duty to indemnify exist under the Policy.

19. Since Evanston contends there is no coverage under the policy, and since Compliance Advantage, C.A.L. Laboratory Services, Reliance Lab, CAL Leasing, and CCC all contend that coverage does exist, there is an actual controversy between the parties.

## DECLARATION OF RIGHTS

20. Evanston realleges and reiterates each and every allegation in paragraphs 1 – 19 as if fully set forth herein.

21. As demonstrated herein, an actual controversy exists with respect to whether there is coverage under the terms of the Policy for the allegations in *Counselor's Clinical Cottage*.

22. Pursuant to 28 U.S.C. § 2201, Evanston seeks a declaration of rights that under the terms of the Policy, that there is no coverage for the allegations set forth in *Counselor's Clinical Cottage* and that they have no duty to defend or indemnify Defendants.

**WHEREFORE**, the Plaintiff, Evanston Insurance Company, by and through counsel, respectfully demands judgment on its Petition for Declaratory Judgment against Defendants as follows:

(a) That the Court enter a judgment declaring that Evanston owes no coverage to Compliance Advantage, LLC, to C.A.L. Laboratory Services, to Reliable Lab, or to CAL Leasing, LLC under the insurance policy that is attached hereto in connection with *Counselor's Clinical Cottage*; that Evanston owes no duty to defend or indemnify Compliance Advantage, LLC, C.A.L. Laboratory Services, Reliable Lab, or CAL Leasing, LLC in

connection with *Counselor's Clinical Cottage*; and that Evanston is not liable to Counselor's Clinical Cottage PSC to pay any judgment it may secure against Compliance Advantage, LLC, C.A.L. Laboratory Services, Reliable Lab, or CAL Leasing, LLC in *Counselor's Clinical Cottage*;

(b) That the Defendants be required to answer the Petition or be forever barred from asserting any claim against Evanston for coverage under the Policy;

(c) For its costs and attorney fees expended herein; and

(d) For any and all other relief to which it may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Jennifer L. Langen, Esq. (#87690)
ADAMS, STEPNER,
WOLTERMANN & DUSING, PLLC
40 West Pike Street
Covington, KY 41011
859.394.6200
859.392.7263 – Fax
jmando@aswdlaw.com
jlangen@aswdlaw.com

*Attorneys for Plaintiff, Evanston Insurance Company*